Debtor **MURRAY M. THACKER**

United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE**
[Bankruptcy district]

☐ Check if this is an amended plan

Case number:

Official Form 113
Chapter 13 Plan

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☐ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☑ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*

☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
**$1,035.00 Monthly for 60 months**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3 Income tax refunds.**
*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

| Debtor | **MURRAY M. THACKER** | Case number | |
|---|---|---|---|

☐ Debtor(s) will treat income refunds as follows:

_____
_____

**2.4 Additional payments.**
*Check one.*
☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $**0.00**.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**
*Check one.*
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| BAYVIEW LOAN SERVICING, LLC | 710 MOORMANS ARM ROAD Nashville, TN 37207 Davidson County | $502.97 Disbursed by: ☑ x Trustee ☐ x Debtor(s) | $17,525.32 | 0.00% | $0.00 | $0.00 |

Insert additional claims as needed.

3.2 Request for valuation of security and claim modification. *Check one.*
☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

3.4 Lien avoidance

Check one.
☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

Check one
☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Debtor   **MURRAY M. THACKER**                                    Case number

Trustee's fees are estimated to be **10.00%** of plan payments; and during the plan term, they are estimated to total **$0.00**.

### 4.3 Attorney's fees

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,100.00**.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.
*Check one.*
- [✓] **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.
- [✓] **None**. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
- [ ] The sum of $
- [✓] **100.00** % of the total amount of these claims.
- [ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **34,127.70**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

### 5.2 Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*
- [✓] **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

### 5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*
- [✓] **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### 5.4 Other separately classified nonpriority unsecured claims. Check one.
- [✓] **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. Check one.
- [✓] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Order of Distribution of Trustee Payments

### 7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:
   CLASS I - NOTICE FEES
   CLASS II - FILING FEES
   CLASS III - CONTINUING MONTHLY MORTGAGE PAYMENT TO BAYVIEW
   CLASS IV - ATTORNEY'S FEE - ALL AVAILABLE FUNDS
   CLASS V - PAYMENT ON MORTGAGE ARREARAGE TO BAYVIEW
   CLASS VI- UNSECURED CREDITORS
   CLASS VII - 1305 CLAIMS

## Part 8: Vesting of Property of the Estate

### 8.1 Property of the estate will vest in the debtor(s) upon

| Debtor | **MURRAY M. THACKER** | Case number | |
|---|---|---|---|

*Check the applicable box:*
☐ plan confirmation.
☑ entry of discharge.
☐ other: _____

## Part 9: Nonstandard Plan Provisions

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**MORTGAGE PAYMENTS DEEMED CURRENT:**

1.  IF THERE IS A RESIDENTIAL MORTGAGE PAYMENT(S) TO BE PAID BY THE TRUSTEE THROUGH THE PLAN THEY ARE DEEMED CURRENT UPON CONFIRMATION AND NO LATE FEES OR RELATED COSTS CAN BE IMPOSED POST-CONFIRMATION.

**TRUSTEE TO ADJUST POST-PETITION PAYMENTS:**

2.  THE TRUSTEE SHALL ADJUST THE POST-PETITION REGULAR MONTHLY MORTGAGE PAYMENT(S) AND IF NECESSARY THE DEBTOR(S)' PLAN PAYMENTS UPON FILING NOTICE OF SUCH ADJUSTMENT TO DEBTOR(S)' ATTORNEY, CREDITOR, AND THE U.S. TRUSTEE WHERE, AND TO THE EXTENT, THAT THE UNDERLYING CONTRACT PROVIDES FOR MODIFICATION.

**TIMELY OBJECTION:**

3.  ABSENT A TIMELY OBJECTION, THIS PLAN AND ANY INCLUDING MOTIONS MAY BE APPROVED WITHOUT FURTHER NOTICE OR HEARING AT THE CONCLUSION OF THE MEETING OF CREDITORS.  TO BE TIMELY, OBJECTIONS TO THE PLAN OR TO MOTIONS CONTAINED WITHIN THE PLAN MUST BE FILED IN WRITING AND MUST BE SERVED ON THE DEBTOR(S), DEBTOR(S)' COUNSEL AND TRUSTEE AT LEAST SEVEN (7) DAYS PRIOR TO THE FIRST DATE SET FOR THE MEETING OF CREDITORS.  (341 HEARING)

**ADEQUATE PROTECTION PAYMENTS:**

4.  PRIOR TO CONFIRMATION THE TRUSTEE SHALL PAY ON ACCOUNT OF ALLOWED SECURED CLAIMS AS SPECIFIED IN SECTIONS 3.2 AND 3.3 ADEQUATE PROTECTION PAYMENTS IN THE AMOUNT OF $25.00 PER CLAIM AS REQUIRED BY 11 USC SECTION 1326(a)(1)(C) COMMENCING THE MONTH AFTER THE PETITION HAS BEEN FILED PROVIDED THAT A PROOF OF CLAIM HAS BEEN FILED.  ADEQUATE PROTECTION PAYMENTS SHALL BE DISBURSED BY THE TRUSTEE IN THE CUSTOMARY DISBURSEMENT CYCLE BEGINNING THE MONTH AFTER THE PETITION IS FILED.

**POST-PETITION CLAIMS:**

5.  POST-PETITION CLAIMS ALLOWED PURSUANT TO 11 USC SECTION 1305 SHALL BE PAID IN FULL BUT SUBORDINATED TO THE PAYMENT OF PRE-PETITION UNSECURED CLAIMS.

**TRUSTEE TO ADJUST POST-PETITION PAYMENTS:**

6.  THE TRUSTEE SHALL ADJUST THE POST-PETITION REGULAR MONTHLY MORTGAGE PAYMENT AND IF NECESSARY THE DEBTOR(S)' PLAN PAYMENTS UPON FILING NOTICE OF SUCH ADJUSTMENT TO DEBTOR(S)' ATTORNEY, CREDITOR AND THE U.S. TRUSTEE, WHERE AND TO THE EXTENT THAT THE UNDERLYING CONTRACT PROVIDES FOR MODIFICATION.

**PLAN PAYMENT:**
*PLAN PAYMENT: $1,035.00 MONTHLY VIA* DIRECT PAYMENT.

| Debtor | **MURRAY M. THACKER** | Case number | |
|---|---|---|---|

**Part 10:  Signatures:**

X _____  Date **April 11, 2016**
   **J. Michael Combs**
**Signature of Attorney for Debtor(s)**

X _____  Date **April 11, 2016**
   **MURRAY M. THACKER**

X _____  Date _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

| | | |
|---|---|---|
| Debtor | **MURRAY M. THACKER** | Case number |

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | | |
|---|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | | **$0.00** |
| b. | **Modified secured claims** (Part 3, Section 3.2 total): | | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | | **$0.00** |
| e. | **Fees and priority claims** (Part 4 total): | | **$0.00** |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | | **$0.00** |
| g. | **Interest on allowed unsecured claims** (Part 5, Section 5.2 total) | | **$0.00** |
| h. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total) | | **$0.00** |
| i. | **Separately classified unsecured claims** (Part 5, Section 5.4 total) | | **$0.00** |
| j. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total) | + | **$0.00** |

**Total of lines a through j**.................................................................................................... **$0.00**